UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORTHWEST SAVINGS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00665 AGF |
| | ) |
| RATE SEARCH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Northwest Savings Bank's Stipulated Motion for Summary Judgement (Doc. 17.) and Defendant United States of America's Motion for Disbursement (Doc. 19.). On April 21, 2010, Plaintiff Northwest Savings Bank ("NWSB") filed this interpleader action to resolve conflicting claims to a Certificate of Deposit ("CD") in the amount of approximately $97,000.00. (Doc. 1.) On September 17, 2010, NWSB deposited the CD into the registry of the Court, in the amount of $105,469.90. NWSB alleges that Rate Search, Inc., the City of Northfield, Minnesota, and the United States of America, have each expressed ownership in the CD, and they are consequently named as defendants herein. NWSB filed its Stipulated Motion for Summary Judgment on July 21, 2010 requesting that the Court release it from any further liability and order the Clerk of the Court to pay a total of $6,401.90, representing $6,051.90 in attorney's fees and $350 in costs, from the funds NWSB has deposited into the registry of the Court. None of the defendants filed a response to NWSB's Motion for Summary Judgment, and the time to do so has since passed.

On July 22, 2010, Defendant United States of America filed a Motion for Disbursement of Funds. (Doc. 19.) On July 27, 2010, Defendant Rate Search, Inc. filed its response to the Motion for Disbursement of Funds, consenting to the relief requested in the motion. (Doc. 20.)

**BACKGROUND**

The undisputed facts are as follows:

Defendant Rate Search, Inc. ("Rate Search") was an investment broker. Rate Search would take money invested by its clients and purchase CDs, in various amounts, from various banks in the United States. Clark Shultz and Scott Luster were the principal owners and/or officers of Rate Search.

On or about January 6, 2005, Rate Search purchased a CD in the amount of $97,000.00 ("the CD") from Maryland Permanent Bank. The $97,000.00 for the purchase of the CD was wired from Rate Search to Maryland Permanent Bank. The CD was placed into the name of "Rate Search Inc." and given account number 43740. Maryland Permanent Bank was subsequently acquired by and merged into NWSB in May 2006. After the merger, the CD account number was changed to 002743008019.

Defendant the United States of America initiated criminal proceedings against Clark Shultz on December 18, 2008, and initiated criminal proceedings against Scott Luster on February 3, 2009. See United States of America v. Schultz, No. 4:08-cr-00720-ERW-1 (E.D.Mo.); United States of America v. Luster, No. 4:09-cr-00103-ERW (E.D.Mo.). Judge E. Richard Webber entered Restitution Orders in these cases on April 21, 2009 and June 19, 2009, respectively. Id. However, the Restitution Orders do not refer specifically to the CD at issue in this interpleader. Id. Therefore, an interpleader action was necessary to determine whether the

CD should be paid to the United States District Court for the Eastern District of Missouri in its entirety, or whether other parties have valid claims to the CD.

NWSB received claims to the CD from various parties that exposed NWSB to double or multiple liability. Specifically, NWSB received the following claims to the CD:

1. Defendant the City of Northfield, Minnesota claimed ownership of the CD and requested that NWSB liquidate and pay over the CD to the City of Northfield, Minnesota;

2. NWSB received conflicting requests and documentation from Rate Search, some communications and documentation indicating that the CD and all accrued interest be paid to the City of Northfield, Minnesota, some communications and documentation indicating the CD should be paid to Rate Search, and some communications and documentation indicating that the CD should be paid to the Office of the Circuit Clerk, Eastern District of Missouri;

3. NWSB received communications from an IRS case agent and the Office of the United States Attorney (St. Louis, Missouri) indicating that the CD and all accrued interest may have to be paid over to the United States of America as part of criminal actions against Clark Shultz and Scott Luster.

These competing claims created a situation in which NWSB was exposed to competing claims to the CD.

## DISCUSSION

**Summary Judgment Standard**

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits

3

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Sokol & Assocs., Inc. v. Techsonic Indus., Inc., 495 F.3d 605, 610 (8th Cir. 2007).

**<u>Interpleader</u>**

In light of the multiple, conflicting claims to the CD that NWSB has received, NWSB initiated this interpleader action and deposited the CD into the registry of the Court. On May 27, 2010, the United States of America filed its Answer to NWSB's Complaint, and requested that this Court order that the CD be deposited with the Clerk of the Court for the United States District Court, Eastern District of Missouri, to be applied toward previously ordered restitution in Cause No. 4:09CR00103-ERW, and be disbursed to the victims set forth in the Judgment and Commitment through the Clerk's normal course of payment procedures. (Doc. 12.) On June 2, 2010, Rate Search filed its Answer to NWSB's Complaint, waiving any assertion of ownership interest in the CD, and requesting that the CD be deposited with the Clerk of the Court for the United States District Court, Eastern District of Missouri, to be applied toward previously ordered restitution in Cause No. 4:09CR00103-ERW, and be disbursed to the victims set forth in the Judgment and Commitment through the Clerk's normal course of payment procedures. (Doc. 13.) In a Memorandum and Order dated August 30, 2010, NWSB was granted default judgment against the City of Northfield.

The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations when several claimants assert rights to a single stake. See Essex Ins. Co.

v. McManus, 2003 WL 21693659 *1 (E.D.Mo. May 30, 2003) (citing Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1306-07 (8th Cir.1977)). Where a stakeholder is disinterested and has deposited the stake into the Court registry, the Court may dismiss it from the interpleader action, leaving the claimants to prosecute their conflicting claims. See Essex, 2003 WL 21693659 at *1.

Viewing the facts in the light most favorable to the defendants, this Court finds that NWSB has fulfilled its obligations as to the CD, and therefore will discharge it from this lawsuit and release it from further liability in connection with the CD at issue in this case.

**Attorney's Fees and Costs**

NWSB also seeks an award of its attorney's fees and costs incurred in prosecuting this action. Attorney's fees and costs are properly awarded upon discharge of an disinterested stakeholder in an interpleader action. See, e.g., S & W Foreclosure Corp. v. Okenfuss, No. 4:09-353, 2010 WL 106675, at *1 (E.D. Mo. Jan. 6, 2010) (citing Byers v. Sheets, 643 F. Supp. 695, 696 (W.D. Mo. 1986) (noting discretionary authority of courts to award costs and fees to innocent stakeholders/interpleader plaintiff)). NWSB's fees and costs are clearly set forth in the affidavit of Andrea N. Perry, Esq., which states that NWSB has incurred $6,051.90 in attorney's fees and $350 in court costs, in the prosecution of its complaint in interpleader. (Doc. 18-2.) The Court finds that these fees and costs were necessarily incurred in prosecuting this action, and are fair and reasonable.

**Disbursement of Funds**

The only defendant left with an ownership interest in the CD is the United States of America. Therefore, Defendant United States of America has requested that this Court disburse the balance of the CD to the Clerk of the Court for the United States District Court for the Eastern District of Missouri to be applied toward previously ordered restitution in Cause No.

5

4:09CR00103-ERW, minus attorney's fees in the amount of $6,051.90 and court costs in the amount of $350.00, as requested by plaintiff. (Docs. 14, 18-2.) The Court will therefore enter a judgment in interpleader that the Clerk of the Court retain the $105,469.90 placed into the registry of the Court, plus any interest accrued, and less the total sum of $6,401.90 (representing attorney's fees in the amount of $6,051.90 and costs in the amount of $350.00, requested by Plaintiff) and disburse the remaining funds to the Clerk of the United States District Court - Eastern District of Missouri as the business of the Court allows, to be applied toward the previously ordered restitution in Cause No. 4:09CR00103-ERW.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Northwest Savings Bank's Stipulated Motion for Summary Judgement (Doc. 17) is **GRANTED** as set forth below.

**IT IS FURTHER ORDERED** that Plaintiff Northwest Savings Bank is discharged from this lawsuit and is released from any and all further liability with respect to any claim by Rate Search, Inc. and the United States of America to the CD that it deposited in the registry of this Court on September 17, 2010.

**IT IS FURTHER ORDERED** that Plaintiff Northwest Savings Bank shall, no later than September 30, 2010, file a proposed pay-out order for disbursement of the total sum of $6,401.90, representing attorney's fees in the amount of $6,051.90 and costs in the amount of $350.00, which shall provide the information required by subsections (d), (e), and (f) of Local Rule 13.04(D)(2).

**IT IS FURTHER ORDERED** that Defendant United States of America's Motion for Disbursement (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the United States District Court - Eastern District of Missouri retain the $105,469.90 placed into the registry of the Court, plus any interest accrued, and less the total sum of $6,401.90, representing attorney's fees in the amount of $6,051.90 and costs in the amount of $350.00, requested by plaintiff, and disburse the remaining funds to the Clerk of the United States District Court - Eastern District of Missouri as the business of the Court allows, to be applied toward the previously ordered restitution in Cause No. 4:09CR00103-ERW.

A separate judgment will be entered this same date.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2010.